

# Notice of Service of Process

null / ALL
Transmittal Number: 12967304
Date Processed: 09/19/2014

| | |
|---|---|
| **Primary Contact:** | Claims Manager<br>Montgomery Mutual Insurance Company<br>13830 Ballantyne Corporate Place<br>Suite 300<br>Charlotte, NC 28277-2711 |
| **Entity:** | Montgomery Mutual Insurance Company<br>Entity ID Number  2549389 |
| **Entity Served:** | Montgomery Mutual Insurance Company |
| **Title of Action:** | Marion "Pitt" Gurkin III vs. Montgomery Insurance Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Memphis Circuit Court, Tennessee |
| **Case/Reference No:** | CT-003836-14 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 09/18/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Commerce and Insurance on 09/12/2014 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Ryan C. Smith<br>901-521-1455 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# Exhibit A

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

September 15, 2014

Montgomery Mutual Insurance Company
2908 Poston Avenue, % Corp. Svc. Compar
Nashville, TN  37203
NAIC # 14613

Certified Mail
Return Receipt Requested
7012 3460 0002 8945 0025
Cashier # 17370

Re:   Marion "Pitt" Gurkin, Iii   V.   Montgomery Mutual Insurance Company

Docket # Ct-003836-14

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served September 12, 2014, on your behalf in connection with the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn  38103

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

DIV VI

**SUMMONS IN CIVIL ACTION**

Docket No. CT-003836-14

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

| Marion "Pitt" Gurkin III | VS | Montgomery Insurance Company |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Commissioner of the Tennessee Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, Tennessee 37243-1131

Montgomery Insurance Co.

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☒ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on  Ryan C. Smith  Plaintiff's attorney, whose address is  44 North Second St. Suite 502, Memphis, TN 38104 , telephone  +1 (901) 521-1455  within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED  9/8/2014

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL , Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE , Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____     By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                              By: _____
                                                              Sheriff or other authorized person to serve process

FILED
SEP 0 8 2014
CIRCUIT COURT CLERK
BY _____

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARION "PITT" GURKIN III

    Plaintiff,

vs.

MONTGOMERY INSURANCE CO.

    Defendant.

JURY DEMANDED

No. CT-003836-14
Div.: VI

## COMPLAINT FOR BREACH OF CONTRACT, UNJUST ENRICHMENT AND QUANTUM MERUIT

COMES NOW the Plaintiff, MARION "PITT" GURKIN III (hereinafter, "Plaintiff"), by and through his attorney of record, Ryan C. Smith, and sues the Defendant, Montgomery Insurance Company (hereinafter, "Defendant"), and for cause of action would show unto this Honorable Court as follows:

1. The Plaintiff, Marion "Pitt" Gurkin III, is a sole proprietor farmer and cattle rancher having a farm at 1800 Holder Road, Grand Junction, Tennessee 38039.

2. The Defendant, Montgomery Insurance Company, is a corporation headquartered at 175 Berkeley Street, Boston, Massachusetts 02116, doing business in the State of Tennessee at Three Lakeview Place, 22 Century Blvd., Suite 120, Nashville, Tennessee 37214.

3. On or about March 28, 2013, the Plaintiff and the Defendant entered a contract wherein the Defendant provided an insurance policy to Plaintiff for one year of coverage to insure the Plaintiff's farm.

4. Policy number FM 3231361 covered the Plaintiff's farm property, including dwellings, household personal property, farm personal property, and farm liability coverage.

5. The Plaintiff's farm covered under Policy FM 3231361 was a type IV farm, more than 160 acres and less than 500 acres.

6. The contract provided that the Defendant would draft money directly out of the Plaintiff's checking account each month for the amount of the premium.

7. The Plaintiff had a feed silo on his farm which was filled with milo, a type of feed previously used by the Plaintiff to feed the Plaintiff's livestock.

8. In or around the middle of August, 2013, the Plaintiff had the aforementioned feed silo torn down.

9. However, some amount of feed remained on the ground after the silo was torn down.

10. The Plaintiff's cattle consumed such feed and died.

11. Due to the consumption of the feed, 63 of the Plaintiff's cattle with a fair market value of $2,200.00 per cattle died, 4 of the Plaintiff's bulls with a fair market value of $5,000.00 per bull died, and 33 of the Plaintiff's cattle with a total fair market value of $72,600.00 were sold for the discounted price of $23,379.95.

12. On September 11, 2013—following the death of the Plaintiff's livestock but prior to the Plaintiff's inquiry regarding his claim—a Notice of Cancellation was issued by the Defendant; however, the Plaintiff did not receive the Notice of Cancellation.

13. On September 25, 2013, the policy issued by the Defendant to the Plaintiff was effectively canceled.

14. Therefore, the Plaintiff's policy was effective through September 25, 2013.

15. In or around October, 2014, the Plaintiff called his insurance broker in order to pursue his claim for the loss of his cattle; however, the Plaintiff was then informed for the first time that his policy had been cancelled and that his claim would not be paid.

16. That the Defendant has breached the contract entered into by the parties by its refusal to pay the Plaintiff's claim for the loss of his livestock which occurred prior to the cancellation of the Plaintiff's policy.

17. That the Defendant is liable for the loss of the livestock in the amount of $207,820.00 plus reasonable attorney's fees, prejudgment interest, and the costs of this cause.

18. Alternatively, that the Defendant has been unjustly enriched by the Plaintiff, and that equity and good conscience support that the Plaintiff should be entitled to recovery in *quantum meruit* for unjust enrichment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court enter a final judgment against the Defendants as follows:

1. An award of damages for breach of the insurance contract in the amount of $207,820.00, such sum being comprised of the value of the 63 deceased cows with a fair market value of $2,200.00 each, the value of the four (4) deceased bulls with a fair market value of $5,000.00 each, and the difference between the fair market value of the 33 sick cows of $72,600 and the discounted price of $23,379.95;

2. An award of attorney's fees in the amount of $68,580.00;

3. An award of prejudgment interest upon the full amount of the judgment in order to fully compensate the Plaintiff for the loss of the use of funds to which he is legally entitled;

4. That costs in this cause be assessed against the Defendant;

5. For all other general and specific relief to which the Plaintiff may prove entitled.

3

RESPECTFULLY SUBMITTED,

_____
Ryan C. Smith (BPR#032369)
Attorney for the Plaintiff
44 North Second Street Suite 502
Memphis, TN 38103
(901) 521-1455

STATE OF TENNESSEE
COUNTY OF SHELBY

## AFFIDAVIT

Personally appeared before me, the undersigned officer of Plaintiff Marion "Pitt" Gurkin who after being duly sworn, stated that the facts contained in the above and foregoing complaint are true and correct to the best of my knowledge, information and belief.

_____
Marion "Pitt" Gurkin

SWORN TO AND SUBSCRIBED BEFORE ME, this the 4 day of September, 2014.

_____
Notary Public

My Commission Expires: December 9, 2017

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

CERTIFIED MAIL

7012 3460 0002 8945 0025



FIRST CLASS

02 1M
0004292626    SEP 17 2014
$ 06.69⁰
MAILED FROM ZIP CODE 37243
PITNEY BOWES

7012 3460 0002 8945 0025       9/15/14
MONTGOMERY MUTUAL INSURANCE COMPANY
2908 POSTON AVENUE, % CORP. SVC. COMPA
NASHVILLE, TN 37203

3720381312 C025