IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARION PITTMAN GURKIN, III, | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 2:14-cv-2792-SHL- |
| | ) | tmp |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CONSOLIDATED INSURANCE | ) | **PLAINTIFF'S FIRST AMENDED** |
| COMPANY, | ) | **ORIGINAL COMPLAINT** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, Marion Pittman Gurkin III, by and through his attorney of record, Ryan C. Smith, and hereby files his First Amended Original Complaint pursuant to Rule 15 of the *Federal Rules of Civil Procedure* against the Defendant, Consolidated Insurance Company, and for cause of action would respectfully show unto this Honorable Court as follows:

### I. PARTIES

1.     The Plaintiff, Marion Pittman Gurkin III ("Plaintiff"), is a sole proprietor farmer and cattle rancher having a farm at 1800 Holder Road, Grand Junction, Shelby County, Tennessee 38039.

2.     The Defendant, Consolidated Insurance Company ("Defendant"), is an insurance company and underwriter for Liberty Mutual Group doing business in the State of Tennessee.

### II. JURISDICTION AND VENUE

3.     This is an action for breach of contract arising out of an insurance policy issued by Defendant to Plaintiff. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction).

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a).

## III. FACTS

5.      On or about March 28, 2013, Plaintiff and Defendant entered a contract wherein Defendant provided an insurance policy to Plaintiff for one year of coverage to insure Plaintiff's farm.

6.      Policy number FM 3231361 ("the policy") covered Plaintiff's farm property, including dwellings, household personal property, farm personal property, and farm liability coverage.

7.      Plaintiff's farm covered under the policy was a type IV farm, more than 160 acres and less than 500 acres.

8.      The policy provided that Defendant would draft money directly out of Plaintiff's checking account each month for the amount of the premium.

9.      At the time of the issuance of the policy, Plaintiff had a feed silo on his farm which was filled with milo, a type of feed previously used by Plaintiff to feed livestock.

10.     On or around June 28, 2013, a severe thunderstorm with strong, straight line winds passed through Shelby and Fayette County, Tennessee.

11.     As a result of wind damage from the aforementioned severe storm, the feed silo on Plaintiff's farm leaned to the side and milo began leaking out.

12.     Also as a result of wind damage due to the aforementioned severe storm, Plaintiff suffered damage to his carport which was covered under the policy.

13.     Due to the wind damage, in or around the middle of August, 2013, Plaintiff had the feed silo torn down.

14.     Some amount of milo remained on the ground after the silo was torn down.

15.     Plaintiff's cattle consumed such feed and died.

16.     As a result of the aforementioned issues, 63 of Plaintiff's cattle with a fair market value of $2,200.00 per cattle died, four (4) of Plaintiff's bulls with a fair market value of $5,000.00 per bull died, and 33 of Plaintiff's cattle with a total fair market value of $72,600.00 were sold for the discounted price of $23,379.95.

17.     Following the loss of his cattle, Plaintiff called his insurance broker in order to pursue his claim for the loss of his cattle; however, Plaintiff was then informed for the first time that his policy had been cancelled and that his claim would not be paid.

## IV. CLAIMS AND DAMAGES

18.     That Defendant has breached the contract entered into by the parties by its refusal to pay Plaintiff's claim for the loss of his livestock.

19.     That Defendant is liable for the loss of Plaintiff's livestock in the amount of $207,820.00 plus attorney's fees, prejudgment interest, and the costs of this cause.

20.     Alternatively, that Defendant has been unjustly enriched by Plaintiff, and that equity and good conscience support that Plaintiff should be entitled to recovery in *quantum meruit* for unjust enrichment.

21.     That Defendant is liable for the loss of Plaintiff's feed silo due to the wind damage incurred on or around June 28, 2013, resulting in the removal of the feed silo in or around the middle of August, 2013.

22.     That Defendant is liable for damage to Plaintiff's carport due to the wind damage incurred on or around June 28, 2013.

23.     That Defendant's refusal to pay Plaintiff's claim is in bad faith pursuant to Tennessee Code Annotated § 56-7-105.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court enter a final judgment against the Defendant as follows:

1.     An award of damages for breach of the insurance contract for the loss of Plaintiff's cattle, damage to Plaintiff's feed silo, and damage to Plaintiff's carport;

2.     An award of attorney's fees pursuant to Tennessee Code Annotated § 56-7-105;

3.     An award of prejudgment interest upon the full amount of the judgment in order to fully compensate the Plaintiff for the loss of the use of funds to which he is legally entitled;

4.     An award in the amount of 25% on the liability for Plaintiff's loss pursuant to Tennessee Code Annotated § 56-7-105;

5.     That costs in this cause be assessed against the Defendant;

6.     For all other general and specific relief to which the Plaintiff may prove entitled.


RESPECTFULLY SUBMITTED,


Ryan C. Smith   BPR#032369
44 North Second Street, Suite 502
Memphis, TN  38103
901.521.1455
RyanCSmithLaw@gmail.com
Attorney for Plaintiff


4

STATE OF TENNESSEE
COUNTY OF SHELBY

AFFIDAVIT

Personally appeared before me Marion Pittman Gurkin III, who after being duly sworn, stated that the facts contained in the above and aforementioned Plaintiff's First Amended Original Complaint are true and correct to the best of his knowledge, information, and belief.

_____
Marion Pittman Gurkin III

SWORN TO AND SUBSCRIBED BEFORE ME, this the 21st day of January, 2015.

_____
Notary Public

My Commission Expires: 12/09/2017

## CERTIFICATE OF SERVICE

I, Ryan C. Smith, hereby certify that on February 3, 2015, the foregoing document was served via email and US mail, postage prepaid, to David S. Zinn, Esq., at Hooper, Zinn, and McNamee, PLLC, 109 Westpark Drive, Suite 300, Brentwood, Tennessee 37027.

_____
Ryan C. Smith

5